UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH LAWRENCE JOCK, JR.,

               Plaintiff,                         Case No. 23-13054

v.                                       Honorable Nancy G. Edmunds

MICHIGAN DEPARTMENT OF
HEALTH & HUMAN SERVICES, *et al.*,

               Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED
IN FORMA PAUPERIS [2] AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Joseph Lawrence Jock, Jr., brings this pro se civil rights complaint against the following Defendants: the Michigan Department of Health and Human Services ("MDHHS"), St. Clair County Friend of Court, a number of attorney referees (Ronald Kaski, Hillary Eagen, Caryn Vanderheuvel, and Edward V. Messing, Jr.), and two state judges (Cynthia Lane and Daniel Damman). (ECF No. 1.) Plaintiff has also filed an application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP"). (ECF No. 2.) For the reasons below, the Court GRANTS Plaintiff's request to proceed IFP but DISMISSES his complaint.

**I.**      **Plaintiff's Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." Here, Plaintiff does not list any income or assets on his application. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

1

## II.   Plaintiff's Complaint

### A.   Background

Plaintiff's claims stem from certain family court proceedings in St. Clair Circuit Court, particularly a hearing that took place on January 27, 2016, before attorney referee Kaski; the resulting child custody and child support determinations; and subsequent collection efforts through the Title VI-D program. He alleges that his constitutional rights were violated because he was granted less than fifty percent parenting time and custody of his children. He also alleges violations of a number of federal criminal statutes. Plaintiff requests the following relief:

> I want the title 4d program to require the states to inform their customers of their constitutional rights as a parent and to require proof of abandonment before entering any parent or child into a program. In addition, I am asking that the state title 4D program use a standard of strict scrutiny as this court deals in fundamental rights, but currently this court is using a standard of a presumption of evidence. I am asking for the return of any property taken as payment by the friend of the court with a 10% interest fee applied to the return payment. All debt cancelled as assessed by the friend of the court and removed from all credit agencies. I am seeking compensation for 7 years of acting as my own attorney at the rate of $80 per hour for 40 hours per week for 7 years. Seeking compensatory damages for 7 years of deprivation of fundamental rights. The loss of non-replaceable years has denied me the ability to have the normal relationship I would have had if not for the artificial separation forced by the friend of the court. I am asking for a penalty of 7 years' worth of payments received by Michigan Department of Health and Human Services from Social Security Title 4D program for service as a first party beneficiary of the title 4d program - this includes reimbursement and incentive payments.

(ECF No. 1, PageID.15.)

### B.   Legal Standard

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*,

716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* § 1915(e)(2)(B).

### C.    Analysis

Parents have a constitutionally protected interest in maintaining custody of their children. *See Troxel v. Granville*, 530 U.S. 57, 65-66 (2000). But the deprivation of a constitutionally protected interest "'is not itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*.'" *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2001) (quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)) (emphasis in original). "The essence of procedural due process is 'notice and an opportunity to be heard.'" *Rowe v. City of Detroit*, No. 00-1353, 2000 U.S. App. LEXIS 28066, at *4 (6th Cir. Nov. 2, 2000) (quoting *Yellow Freight Sys., Inc. v. Martin*, 954 F.2d 353, 357 (6th Cir. 1992)). Plaintiff has provided a transcript of the hearing during which it was recommended that he share legal custody of his children with their mother but that she would have physical custody with parenting time given to him. (ECF No. 1, PageID.17-61.) Plaintiff was present at the hearing. Thus, he fails to state a due process claim. And there is no authority that suggests there is a constitutional right to terminate child support if the parent is awarded less custody than he feels he is entitled to. *See generally N.E. v. Hedges*, 391 F.3d 832, 836 (6th Cir. 2004).

Plaintiff alleges violations of the following criminal statutes: 18 U.S.C. § 242, the criminal counterpart to 42 U.S.C. § 1983; 18 U.S.C. § 1581, which criminalizes peonage; and 18 U.S.C. § 1589, which criminalizes forced labor. While Congress provided for a

private cause of action under § 1589, it did not do so for § 242 and § 1581. *See Booth v. Henson*, 290 F. App'x 919, 921 (6th Cir. 2008) (no private right of action under § 242); *Cruz v. Toliver*, No. 5:04CV-231-R, 2005 U.S. Dist. LEXIS 54276, at *5 (W.D. Ky. Mar. 1, 2005) (no private cause of action under § 1581). And § 1589 creates a private right of action for victims of human trafficking and provides for civil liability of any person who obtains the labor or services of another person through unlawful means. *See Shukla v. Deloitte Consulting, LLP*, No. 1:19-cv-10578, 2020 U.S. Dist. LEXIS 104555, at *38 (S.D.N.Y. June 15, 2020). It does not apply to the collection of child support. Thus, Plaintiff fails to state a claim under any of the cited criminal statutes.

Even if Plaintiff had stated a claim upon which relief may be granted, this case is subject to dismissal because the named defendants are immune from Plaintiff's claims.

Judges enjoy absolute immunity from personal liability for judicial acts. *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). This doctrine of absolute judicial immunity extends to requests for injunctive relief. *Kipen v. Lawson*, 57 F. App'x 691, 691 (6th Cir. 2003) (citation omitted). Thus, any claims against the named state judges are barred by the principle of judicial immunity.

 "[A]bsolute judicial immunity has been extended to non-judicial officers who perform quasi-judicial duties. Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (internal quotation marks and citations omitted). Courts have found attorney referees to fall within this category. *See, e.g.*, *Tidik v. Ritsema*, 938 F. Supp. 416,

423 (E.D. Mich. 1996). Thus, any claims against the named attorney referees are barred by the doctrine of quasi-judicial immunity.

The Eleventh Amendment protects states and their departments from private civil suits in federal court, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984). The state of Michigan has not consented to civil rights suits in federal court, *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress has not abrogated Eleventh Amendment immunity in suits under § 1983, *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). This immunity also applies to arms of the state, such as its circuit courts. *See Merritt v. Lauderbach*, No. 12-13645, 2013 U.S. Dist. LEXIS 37871, at *12 (E.D. Mich. Mar. 19, 2013). Thus, Plaintiff cannot bring a § 1983 action for money damages against MDHHS and the St. Clair County Friend of Court. Moreover, civil rights actions under § 1983 may only be brought against a "person" and these two entities are not persons within the meaning of the statute. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002).

In sum, the Court dismisses this case because Plaintiff fails to state a claim on which relief may be granted and seeks monetary relief from defendants who are immune from such relief. *See* § 1915(e)(2)(B).

### III.   Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepaying fees or costs is GRANTED, and his complaint is DISMISSED with prejudice.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

<u>s/Nancy G. Edmunds</u>
Nancy G. Edmunds
United States District Judge

Dated: December 20, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 20, 2023, by electronic and/or ordinary mail.

<u>s/Lisa Bartlett</u>
Case Manager